**Steve Morris**
Founder and Chief Executive Officer
Bubblr, Inc.
30 N. Gould Street, Ste. R
Sheridan, WY 82801
Email: steve.morris@ethicalweb.ai
Telephone: +44 78007 99986



**FILED**

**1:28 pm, 5/5/26**

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| IN THE MATTER OF:<br>BUBBLR, INC.,<br>a Wyoming Corporation,<br><br>GHS INVESTMENTS, LLC,<br>a Nevada Limited Liability Company,<br><br>Petitioner. | Case No. 2:26-cv-00020-ABJ<br><br>**EMERGENCY REQUEST AND DECLARATION OF STEVE MORRIS FOR 30-DAY DEFERRAL OF CUSTODIANSHIP OR RECEIVERSHIP ORDER AND EXPEDITED CONFERENCE** |

**TO THE HONORABLE COURT:**

Bubblr, Inc. ("Bubblr"), through its Founder and Chief Executive Officer, Steve Morris, respectfully submits this emergency request and declaration asking the Court to defer entry of any order appointing a custodian or receiver for Bubblr for 30 days, hold GHS Investments, LLC's receivership request in abeyance, and set an expedited conference or hearing before any custodian or receiver is appointed. This request is made urgently to avoid irreparable harm and without waiver of Bubblr's rights, defenses, or objections.

### I. PRELIMINARY STATEMENT

1. On May 4, 2026, GHS filed a motion seeking entry of an order appointing a custodian or receiver for Bubblr. GHS contends that no opposition or response appears on the CM/ECF docket and asks that the motion be treated as confessed.

2. Bubblr has not ignored this matter. Bubblr attempted to retain Wyoming-based counsel to respond to the receivership request, but the upfront retainer requested was approximately

$150,000, which Bubblr did not have available. Bubblr continues to seek emergency limited-scope counsel.

3. Bubblr also provided a rebuttal and response to the Clerk of Court. To the extent the Court determines that the rebuttal was not properly docketed, was not styled as a pleading, or was not timely, Bubblr respectfully requests leave for the Court to consider this emergency submission, to allow a response out of time, and/or to allow a short period for counsel to appear.

4. Bubblr understands that the Court may require a corporation to appear through licensed counsel. This submission is made because the requested receivership order would cause immediate and irreparable harm before Bubblr can realistically secure counsel or complete the funding needed to resolve GHS's claim.

## II. BASIS FOR THE REQUESTED 30-DAY DEFERRAL

5. Bubblr is a pre-revenue technology company whose value depends substantially on its intellectual property, patents, technical team, commercial relationships, and founder/team continuity.

6. Bubblr recognizes that GHS wants and deserves a financial resolution. Bubblr wants to provide that resolution. The requested 30-day deferral is not an attempt to avoid GHS. It is intended to allow Bubblr to complete pending financing and make a meaningful payment to GHS as part of a broader settlement.

7. Bubblr is actively pursuing multiple credible financing routes in parallel. Bubblr believes there is a realistic prospect of completing funding within the requested 30-day period. Once funds are received, Bubblr is prepared to make an immediate good-faith payment to GHS while the parties finalize a broader settlement.

8. Bubblr recognizes that it previously expected investment to close and that those expectations did not materialize within the anticipated timeframe. Bubblr understands why GHS may be skeptical as a result. Those statements were made in good faith, but the timing and certainty of the funding were outside Bubblr's control. The position now is materially different: multiple financing routes are being pursued in parallel, the discussions are more advanced, and the leadership team is actively driving them to completion.

9. The initiation of receivership would be catastrophic for Bubblr and, in practical terms, would make future investment impossible. No investor is likely to fund a pre-revenue technology company whose management, staff, IP strategy, and commercial direction have been displaced by a receiver. The immediate effect would be to destroy investor confidence, trigger the departure of key personnel, damage relationships with customers and partners, and substantially reduce the value of the company.

10. That outcome would severely damage shareholders, creditors, and employees. It would also reduce, rather than increase, the value available for any recovery by GHS. Bubblr respectfully submits that a short, defined 30-day deferral with protective undertakings is more likely to preserve value for all stakeholders than immediate receivership.

### III. PROPOSED PROTECTIVE UNDERTAKINGS

11. During the requested 30-day deferral, Bubblr is prepared to agree to reasonable protective undertakings, including:

    a. preservation of Bubblr's intellectual property, books and records

    b. no non-ordinary-course payments other than essential operating costs, including essential development staff and cloud-hosting costs;

    c. weekly written updates to GHS regarding financing progress; and

d.   prompt settlement discussions with GHS.

## IV. REQUESTED RELIEF

12. For the reasons stated above, Bubblr respectfully requests that the Court:

a.   hold GHS's request for appointment of a custodian or receiver in abeyance for 30 days;

b.   defer entry of any proposed order appointing a custodian or receiver for at least 30 days;

c.   set an expedited telephonic or video conference before any such order is entered;

d.   permit Bubblr to file or supplement its response out of time and/or allow a short period for Wyoming counsel to appear; and

e.   grant such other and further relief as the Court deems just and proper.

## V. DECLARATION OF STEVE MORRIS

13. I, Steve Morris, am the Founder and Chief Executive Officer of Bubblr, Inc. I have personal knowledge of the matters stated in this submission, except where stated on information and belief.

14. The facts stated above are true and correct to the best of my knowledge and belief.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2026.

Respectfully submitted,

_____

**Steve Morris**
Founder and Chief Executive Officer
Bubblr, Inc.
Email: steve.morris@ethicalweb.ai
Telephone: +44 78007 99986

## CERTIFICATE OF SERVICE

I certify that on May 5, 2026, a true and correct copy of the foregoing was served by email on counsel for GHS Investments, LLC, at the following addresses:

Sean M. Larson - slarson@hkwyolaw.com
Connor J. Cassidy - ccassidy@hkwyolaw.com
A copy was also sent to the Clerk of Court for filing in this matter.

_____
**Steve Morris**