Sean M. Larson, Wyo. Bar #7-5112
Connor J. Cassidy, Wyo. Bar #8-7270
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
(307) 634-0985 (fax)
slarson@hkwyolaw.com
ccassidy@hkwyolaw.com

ATTORNEYS FOR PETITIONER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| IN THE MATTER OF: ) | |
| BUBBLR, INC., ) | |
| a Wyoming Corporation, ) | |
| ) | Case No. 2:26-CV-20 |
| GHS INVESTMENTS, LLC, ) | |
| a Nevada Limited Liability Company, ) | |
| ) | |
| Petitioner. ) | |

**PETITIONER'S RESPONSE IN OPPOSITION TO
RESPONDENT'S EMERGENCY REQUEST**

Petitioner GHS Investments, LLC ("GHS"), by and through undersigned counsel,

HATHAWAY & KUNZ, LLP, submits this Response in opposition to Respondent Bubblr Inc.'s

("Respondent" or "Bubblr") Emergency Request and Declaration of Steve Morris for 30-Day

Deferral of Custodianship or Receivership Order and Expedited Conference (the "Emergency

Request") as follows:

I.    **RESPONDENT'S DELAY IS PROCEDURALLY INEXCUSABLE**

Bubblr requests that the Court defer ruling and permit it additional time to respond to

Petitioner's Motion for Appointment of Custodian or, in the Alternative, Receiver for Bubblr, Inc.

(the "Motion"), yet the delay was within Respondent's reasonable control and Respondent has not

acted in good faith. (ECF 15). Furthermore, Respondent fails to demonstrate excusable neglect as required under Fed. R. Civ. P. Rule 6(b)(1)(B). *Id.*

> A finding of excusable neglect depends on four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (citation omitted). The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect. *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

*Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

All factors weigh against Respondent. Respondent's primary justification is its purported inability to obtain counsel; however, Respondent was served on February 19, 2026, and thus has had nearly three (3) months to find counsel. (ECF 9; ECF 15, ¶2). Moreover, Respondent's alleged inability to obtain counsel did not prevent it from filing its Emergency Request, its Draft Rebuttal with General Denials and Affirmative Narrative, or its Request for 7-Day Extension of Time to Respond. (ECF 10; ECF 11; ECF 15).

Respondent's delay is not in good faith, and its Emergency Request lacks any indicia of reliability. Its conduct before this Court mirrors the pattern described in paragraph 38 of the First Amended Petition for Appointment of Custodian or Receiver for Corporation: "Rather, Respondent used delay tactics, such as continuously stating that funds were coming, listing various reasons for delay, and switching representatives to speak with GHS." (ECF 8, ¶38). Respondent continues to represent that funding is imminent while presenting reasons that it cannot follow the ordinary litigation process, all in an apparent effort to delay resolution. (ECF 15).

**II.    RESPONDENT'S PROCEDURALLY INEXCUSABLE DELAY FURTHER PREJUDICES PETITIONER**

The prejudice to GHS from continued delay is substantial and ongoing. Publicly available information demonstrates that the concerning trading activity described in the Affidavit of Sarfraz Hajee has continued: Bubblr stock continues to be issued and sold, while its market capitalization further declines. (ECF 13-1, ¶6-8, 15-16, 25-30). Such conduct immediately and irreparably harms Bubblr and its shareholders through dilution, clouded capitalization records, and increased regulatory and litigation exposure. Mr. Morris cannot credibly ask the Court to grant emergency relief while he appears to be actively engaging in the very conduct that is harming Bubblr and increasing the need for oversight.

Ultimately, Mr. Morris has used his position within Bubblr to delay relief to GHS while further diminishing Bubblr's value. A custodianship, or in the alternative, a receivership, is necessary to preserve whatever value remains in Bubblr. Contrary to Respondent's assertions, any additional delay merely permits Mr. Morris and/or his cohorts to continue their pattern of representing that funding is imminent while dissipating the remaining value of Bubblr. Immediate action is necessary to prevent further harm. Mr. Morris's pattern has been to delay proceedings, resist accountability, and create confusion regarding capitalization, all to Bubblr and its shareholder's detriment. Each additional month of uncertainty increases the likelihood of irreversible harm.

**CONCLUSION**

Respondent should not be permitted to further delay and may be deemed to have confessed the Motion pursuant to U.S.D.C.L.R. 7.1(b)(2)(A). As Respondent readily admits, "GHS wants and deserves a financial resolution." (ECF 15, ¶6). Accordingly, Petitioner objects

to all Respondent's requested relief. Based on the allegations and the facts presented, Petitioner requests the Court enter an order granting its Motion for Appointment of Custodian or, in the Alternative, Receiver for Bubblr, Inc., given Bubblr's failure to timely oppose the Motion.

DATED this 14th day of May, 2026.

GHS INVESTMENTS, LLC, PETITIONER

By:     /s/ Sean Larson
        Sean M. Larson, Wyo. Bar #7-5112
        Connor J. Cassidy, Wyo. Bar #8-7270
        HATHAWAY & KUNZ, LLP
        P. O. Box 1208
        Cheyenne, WY  82003-1208
        (307) 634-7723
        (307) 634-0985 (fax)
        slarson@hkwyolaw.com
        ccassidy@hkwyolaw.com

ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of May 2026, a true and correct copy of the foregoing was served upon counsel as follows:

Steve Morris                          [    ] CM/ECF
c/o Registered Agents, Inc.           [ ✓ ] U.S. Mail
30 N. Gould Street, Ste. R            [    ] Fax:
Sheridan, WY 82801                    [ ✓ ] E-mail:
                                      steve.morris@ethicalweb.ai

                                      /s/ Candice Hough
                                      Hathaway & Kunz, LLP